UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANNA ELIZABETH HUBER HOLCOMB,

    Plaintiff,

v.                                                Case No: 6:18-cv-511-Orl-18TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision by Defendant, the Commissioner of the Social Security Administration, denying her claim for a period of disability and disability insurance benefits. Upon a review of the record, I respectfully recommend that the Commissioner's final decision be **reversed** and that this case be **remanded**.

### Background[1]

On June 5, 2014, Plaintiff filed an application for disability insurance benefits alleging disability commencing on May 5, 2013, due to Crohn's disease, digestive disorders, anxiety, gastroparesis, and insomnia (Tr. 150-151, 171). Her claim was denied initially and on reconsideration and Plaintiff requested and received a hearing before an administrative law judge ("ALJ") (Tr. 63, 75, 89, 32-56). On May 31, 2017, the ALJ found Plaintiff not disabled and issued an unfavorable decision (Tr. 7-28). On May 31, 2017, the

---

[1] The information in this section comes from the parties' joint memorandum (Doc. 15).

Appeals Council denied Plaintiff's request for review (Tr. 1-3). Accordingly, the ALJ's decision became the Commissioner's final decision and this appeal timely followed (Doc. 1).

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Commissioner and published in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

Here, the ALJ performed the required five-step sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of May 5, 2013 (Tr. 12). At step two, the ALJ determined that Plaintiff has the severe impairments of Crohn's disease, gastroparesis, migraines, and anxiety disorder (20 CFR 404.1520(c)) (Tr. 12). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. 12). In evaluating the severity of Plaintiff's mental impairment, the ALJ found that Plaintiff had "moderate" limitations in understanding, remembering, or applying information; interacting with others; and concentration,

persistence, or pace; and "mild limitations" in adapting or managing herself (Tr. 13). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a). The claimant can never climb ladders and scaffolds. The claimant can occasionally climb ramps and stairs. The claimant can occasionally stoop, crouch, and crawl. The claimant must avoid concentrated exposure to workplace hazards. The claimant is limited to simple, routine, repetitive tasks with occasional changes in the workplace setting. The claimant can engage in occasional interaction with coworkers and the general public.

(Tr. 13-14).

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work (Tr. 20). After applying the Medical-Vocational Guidelines as a framework for decision making and considering Plaintiff's RFC, a vocational expert's testimony, Plaintiff's age, education and work experience,[2] the ALJ found, at step five, that Plaintiff could perform a significant number of jobs in the national economy (Tr. 21), and was therefore not under a disability at any time from her alleged onset date through the date of the decision (Tr. 21-22).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a

---

[2] Plaintiff was 30 years old on her onset date (Tr. 57), with one year of college education (Tr. 172), and past relevant work experience in patient care and retail sales (Tr. 172).

conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*per curiam*); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

Plaintiff contends that the Commissioner failed to properly credit the opinions of her treating physicians; erred in relying on the testimony of the vocational expert; and failed to properly evaluate Plaintiff's allegations of disabling symptoms. I find the first assignment of error to be dispositive.

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. Winschel, 631 F.3d at 1178–79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).) When evaluating

a physician's opinion, an ALJ considers numerous factors including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. See 20 C.F.R. §§ 404.1527(c), 416.927(c). All opinions, including those of non-treating state agency or other program examiners or consultants, are to be considered and evaluated by the ALJ. See 20 C.F.R. §§ 404.1527, 416.927, and Winschel.

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician *unless there is good cause to do otherwise*. See Lewis v. Callahan, 125 F.3d 1436 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). Good cause for disregarding a treating physician's opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. Lewis, 125 F.3d at 1440. Regardless of whether controlling weight is appropriate, "the Commissioner 'must specify what weight is given to a treating physician's opinion and any reason for giving it no weight." Hill v. Barnhart, 440 F. Supp. 2d 1269, 1273 (N.D. Ala. 2006) (citation omitted); see also Graves v. Comm'r Soc. Sec., No. 6:13-cv-522-Orl-22, 2014 WL 2968252, at *3 (M.D. Fla. June 30, 2014).

Plaintiff was diagnosed with Crohn's disease in 2007, prior to her alleged onset of disability, and has had periods of remission and periods of "flares" (Tr. 1473, 1476). She underwent surgical intervention in 2007 involving the resection of 8 inches of her small bowel for irritable bowel syndrome, and additionally has gastroparesis, and chronic abdominal pain requiring pain management (Id). As evidenced by the parties' sixty-page

joint memorandum and the extensive administrative record,[3] Plaintiff has a lengthy history of medical treatment for her conditions. In addition to opinions contained within the treatment records, two of Plaintiff's doctors provided separate medical opinions regarding her condition. Plaintiff objects to the ALJ's evaluation of those medical opinions.

*Dr. Reddy*

Sanjay K. Reddy, M.D. is a board-certified gastroenterologist who has treated Plaintiff's Crohn's disease since 2007 (Tr. 1467, 1473). As summarized by the ALJ:

> Dr. Reddy completed a gastrointestinal disorders impairment questionnaire on April 4, 2017. He diagnosed the claimant with Crohn's Disease. He stated the claimant's condition is not curable and is a chronic, long-term illness. Dr. Reddy opined that the claimant's pain, fatigue, and other symptoms are frequently severe enough to interfere with the claimant's attention and concentration. Dr. Reddy opined that the claimant is capable of tolerating low work stress. Dr. Reddy opined that the claimant can sit for two hours and stand/walk for two hours during an eight-hour workday. It is medically necessary or medically recommended for the claimant not to stand/walk continuously in a work setting. The claimant can occasionally lift twenty pounds and frequently lift five pounds. The claimant can occasionally carry ten pounds. Dr. Reddy opined that the claimant will likely be absent from work more than three times a month as a result of the impairments or treatment. The claimant needs a job that permits ready access to a restroom. She may need restroom breaks three to five times a week for up to thirty minutes a time. Dr. Reddy stated the claimant's condition has progressed during his treatment of her over the past ten years. Dr. Reddy opined that the claimant is disabled and unable to work in a standard environment (Exhibit 25F).[4]
>
> On April 5, 2017, Dr. Reddy also drafted a letter on the claimant's behalf. He noted that due to the claimant's lack of energy, nutrition, and overall functional decline, it is difficult for

---

[3] The administrative record before the Court totals 1528 pages, including over a thousand pages of medical records (Doc. 8).

[4] The ALJ stated that according to Dr. Reddy Plaintiff would to use the restroom three to five times a week. In fact, Dr. Reddy opined that she would need to use the restroom for up to 30 minutes 3 to 5 times per day (Tr. 1471).

- 6 -

> the claimant to stay awake and alert to participate in normal daily activities. The claimant must sit, rest, often lie down, and frequently take naps to recover. Dr. Reddy stated he did not believe there was any prognosis for recovery. He also opined that the claimant is not able to perform full-time, competitive work, due to chronic disability. The claimant has at least five doctor's appointments per month and experiences fatigue several days per week, all of which limit her ability to leave her house (Exhibit 26F).

(Tr. 18). The ALJ gave Dr. Reddy's opinions "limited weight," reasoning:

> [H]is opinions are not entirely function-by-function. Dr. Reddy encouraged the claimant to apply for disability. Since he opined that the claimant is disabled, this is an issue reserved to the commissioner. However, a review of Dr. Reddy's treatment records indicate that the claimant's conditions are generally controlled with medication and nerve blocks. Additionally, her examination findings did not support such extreme limitations. Therefore, the undersigned gives limited weight to Dr. Reddy's opinions.

(Tr. 18-19). The ALJ's rationale for discounting Dr. Reddy's opinion is not supported by substantial evidence and does not comport with the appropriate legal standard.

The ALJ does not explain what she means by "limited" weight and, considering that Dr. Reddy provided many distinct opinions, an across the board discounting of all of the doctor's opinions is not explained by the rationale offered. To illustrate, while the ALJ accurately observes that Dr. Reddy's opinions are not "entirely" function-by-function, they do, in fact, include numerous "functional" assessments. Dr. Reddy addressed at length Plaintiff's exertional abilities (sit/stand/walk/lift/carry), her capacity for tolerating work stress, and the impact of her symptomology on her capacity to pay attention and concentrate. The fact that Dr. Reddy also included his thoughts on other matters, such as an opinion that stress can impact Plaintiff's condition, is an insufficient reason to outright discount all of Dr. Reddy's opinions.

- 7 -

I attach no special significance to a finding that Dr. Reddy encouraged Plaintiff to apply for disability. To the extent the ALJ is inferring that Dr. Reddy's suggestion to Plaintiff was somehow inappropriate, the record does not support this inference. Encouraging a long-time patient to apply for disability benefits is consistent with Dr. Reddy's stated opinion that Plaintiff is, in fact, disabled and cannot perform gainful activity. Absent evidence that a claimant is malingering or that the physician has inappropriate motives (and no evidence of either is shown here), the fact that a doctor suggested that his patient pursue disability benefits is not a valid reason to discount the doctor's medical opinion. Of course, to the extent Dr. Reddy opined that Plaintiff was "disabled," the Commissioner correctly observes that opinions on issues reserved to the Commissioner, even when offered by a treating source, are not entitled to any special significance. 20 C.F.R. § 404.1527(d)(3).

The third reason offered by the ALJ and the thrust of the ALJ's rationale to give only unspecified limited weight to Dr. Reddy's opinion is her conclusion that Plaintiff's conditions are "generally controlled with medication and nerve blocks" and that Plaintiff's examination findings "did not support such extreme limitations." Plaintiff argues that this finding is not supported by substantial evidence as the ALJ did not adequately address the medical opinions of her providers found throughout the treatment notes. According to Plaintiff, these records establish that Plaintiff has significant permanent physical impairments that continue to cause significant functional limitations and are thus *not* controlled.[5] The Commissioner disagrees, noting that the medical record is replete with

---

[5] For example, on February 23, 2017, Dr. Reddy noted:
"Anna comes in today for routine 6 mos visit, for her complex and challenging Crohns. Her course has been made more difficult with her apparent gastroparesis, with daily nausea, and little objective gains from her care of UF, Motility clinic, in her estimation. I have been very up-front with Anna in this regards, I don't have much to add in regards to Rx options for GP Ox. She doesn't do well with

notations indicating that Plaintiff's symptomology was adequately managed and thus not disabling. See, e.g., Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988) ("A medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling.") In order to evaluate these arguments, the Court must consider the record as a whole, and that includes the treatment records and opinions of Plaintiff's pain specialist, Dr. Jorge A. Fernandez-Silva.

*Dr. Fernandez-Silva*

In addition to the gastroenterology care provided by Dr. Reddy, Plaintiff received pain management treatment from board certified anesthesiology and pain management physician, Jorge A. Fernandez-Silva, M.D. (Tr. 1123-1228 and 1268-1279). Plaintiff treated with Dr. Fernandez-Silva between December 29, 2014 and February 17, 2017, for moderate diffuse abdominal pain (Tr. 1123, 1129, 1133, 1137, 1141, 1146, 1150, 1154, 1160, 1170, 1180, 1187, 1195, 1200, 1204, 1208, 1212, 1221, 1268, 1274, 1276, 1277). Dr. Fernandez-Silva diagnosed unspecified abdominal pain and Crohn's disease (Tr. 1227) and prescribed oral medications Zanaflex 4mg and hydrocodone-acetaminophen 7.5mg/325mg 3 times daily as needed for pain (Tr. 1270, 1275, and 1278). Between January 2015 and December 2016, Dr. Fernandez-Silva also administered seven hypogastric plexus nerve blocks and on September 4, 2015, he administered a celiac plexus block (Tr. 1164-1165). Although Plaintiff continued to report abdominal pain, she experienced significant improvement in her pain under his care. (See e.g. Tr. 1273, 1274). As stated by the ALJ:

> On February 17, 2017, Dr. Fernandez-Silva drafted a letter on behalf of the claimant (Exhibits 16F and 24F). He reported that

---

Azithromycin, she has needed antiemetics almost daily at times, taking phenergan, and taking a liquid calorie supplement daily. She reports to me that her weight was up to almost 120, but today, its back down, even lower than 6 mos ago, to 114 lbs." (Tr. 1461).

> the claimant is disabled and unable to maintain gainful employment in a normal and usual competitive workforce. He conceded that the claimant's symptoms are controlled to an extent that allow for activities of daily living, but she still experiences limited energy, reduced oral intake, nausea, and vomiting. The claimant experiences greater pain from longer days and/or increased intensity of activities. Dr. Fernandez-Silva stated that her symptoms impact her concentration and ca[u]se flare ups. Dr. Fernandez-Silva opined that the claimant is unable to work for more than four hours in a day. During these four hours, she would have to be allowed frequent, intermittent breaks. Further, flares may cause periodic absences from work. In his medical opinion, the claimant is not able to maintain gainful employment at this time (Exhibit 16F).

(Tr. 19). The ALJ gave "little weight" to Dr. Fernandez-Silva's opinions, reasoning:

> His opinions are not consistent with his treatment records, or the record as a whole. His records indicated that nerve blocks were effective at relieving her symptoms for a period of time. Additionally, the medication he prescribed the claimant also provided significant symptom reduction.

(Tr. 19).

Plaintiff argues that this finding is not supported by substantial evidence, pointing to the continued complaints of pain and limitation Plaintiff experienced. The Commissioner counters by highlighting the numerous notations of symptom improvement, under treatment. The record supports the ALJ's conclusion that treatment did, indeed, relieve or reduce Plaintiff's symptoms "for a period of time." That, however, is not dispositive of the matter, given the unique nature of Plaintiff's impairments.

The ALJ found Plaintiff's gastrointestinal diseases to be severe at step two. As stated by the ALJ, Plaintiff "experienced a serious Crohn's disease flare up during the period at issue" and required multiple nerve blocks, recurrent Remicade injections, and medication management (Tr. 19-20). The record supports this finding. The ALJ also found that Plaintiff experienced much improvement "after her flare up" (Tr. 20), and the record

also supports this finding. While the Commissioner focuses on this improvement as a proper reason for giving the treating doctors' medical opinions less weight, the ALJ's conclusion ignores the episodic nature of Plaintiff's illness, as described by her doctors and as acknowledged by the ALJ. According to Dr. Reddy and Dr. Fernandez-Silva, Plaintiff's gastrointestinal diseases produce symptoms that wax and wane, and her "flare ups" are serious, debilitating, and can occur without warning. Recognizing this, Plaintiff's treating specialists opined that Plaintiff would need time to rest and recover, as well as ready access to a restroom, yet neither of these restrictions is included in Plaintiff's RFC and no explanation is offered for rejecting them. In fact, the ALJ made no accommodations in Plaintiff's RFC for the episodic nature of her impairments. As Judge Baker observed in a similar case involving ulcerative colitis:

> Despite unanimous acknowledgment of the unpredictability of this disease and the need for frequent and unscheduled restroom breaks during a flare up, the RFC formulated by the ALJ does not include any accommodation for this. Moreover, the medical records show that during such flare ups, Plaintiff loses weight, becomes anemic and experiences debilitating fatigue. Indeed, despite unanimous findings of fatigability by all of Plaintiff's long time treating physicians, the ALJ does not address that limitation at all, and makes no accommodation for it in the RFC. The sparse rationale provided by the ALJ here is not sufficient to support a wholesale rejection of any and all of the limitations placed by treating doctors. Under the circumstances here, the ALJ's failure to address the specific limitations by long time treating specialists warrants remand. See, e.g., Zobel v. Colvin, No. 1:14-CV-45-MP-GRJ, 2015 WL 5468455, at *10 (N.D. Fla. Aug. 3, 2015), report and recommendation adopted, No. 1:14-CV-00045-MP-GRJ, 2015 WL 5470197 (N.D. Fla. Sept. 17, 2015) ("The ALJ also does not adequately explain why Dr. Sninsky's functional assessment regarding Plaintiff's need for bathroom breaks - which is uncontradicted by either Dr. Axline or Dr. Zelaya- should be rejected. Remand is necessary so that the ALJ can properly account for the relevant factors and adequately explain the basis for evaluating the treating physician's functional assessment.").

Davis v. Comm'r of Soc. Sec., No. 6:15-CV-1120-ORL-DAB, 2016 WL 4418152, at *6 (M.D. Fla. Aug. 18, 2016). This analysis is directly on-point. Although the ALJ appears to focus on Plaintiff's ability to manage her pain, the other limitations of her conditions (such as fatigue from her documented weight loss and nutritional deficiencies) are not adequately considered. The ALJ's decision does not demonstrate good cause for rejecting the opinions of Drs. Reddy and Fernandez-Silva. Therefore, remand for additional consideration and explanation is required.[6]

Plaintiff raises additional objections to the Commissioner's final decision, focusing on the evaluation of her allegations of disabling symptoms and on the formulation of the hypothetical posited to the vocational expert. The sufficiency of the hypothetical given to the vocational expert is, in large measure, dependent upon the sufficiency of the ALJ's RFC finding – and I have recommended remand to reconsider that finding. The ALJ also found that Plaintiff's allegation of disability was not "fully consistent with the medical evidence of record" (Tr. 20), but I have concluded that remand is required for reevaluation of that medical evidence (specifically, the opinions of the treating physicians). Because remand is required based upon Plaintiff's first argument, it is unnecessary to review the remaining objections to the ALJ's decision. Freese v. Astrue, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. April 18, 2008) (citing Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)).

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

---

[6] In so finding, I do not suggest that the ALJ must credit these limitations. The weight to be given an opinion of limitation is for the Commissioner and not the Court. Rather, I find that the ALJ did not adequately evaluate these opinions and remand is therefore required for the ALJ to review all of the opinions of restrictions and limitations, in the first instance.

(1) The Commissioner's final decision be **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. §405(g) for further proceedings consistent with the findings in this Report.

(2) The Clerk be directed to enter judgment and **CLOSE** the file.

(3) Plaintiff be advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

(4) Plaintiff be directed that upon receipt of such notice, she shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 19, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties